UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BROWN,

        Plaintiff,

v.

WAYNE COUNTY PROSECUTOR'S
OFFICE et al.,

        Defendants.

_____/

Case No. 2:24-mc-51418

Honorable Susan K. DeClercq
United States District Judge

**ORDER DISMISSING CASE
FOR FAILURE TO COMPLY WITH CIVIL RULE 3**

On December 13, 2024, *pro se* Plaintiff Daniel Brown filed an "Emergency Motion for Relief from Judgment, Dismissal of Charges with Prejudice, Sanctions, and Damages," opening the above-captioned miscellaneous case. ECF No. 1. The motion is not entirely clear, but Brown seems to be disputing actions taken by the Wayne County Prosecutor's Office in a state-court criminal case against him. *Id.* at PageID.1 ("This motion is based on prosecutorial misconduct, due process violations, the forced entry of a nolo contendere plea under duress, and the improper reinstatement of charges after a previous dismissal and mistrial.").

Brown also filed an application to proceed without prepaying fees or costs. ECF No. 2. However, Brown has not filed a complaint—as is required to begin a civil action in federal court—so this Court cannot consider the merits of his motion

nor his application to proceed without prepaying. *See* FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court."); *Rankin v. Brian Lavan & Assocs.*, No. 23-CV-10966, 2023 WL 3467734, at *1 (E.D. Mich. May 15, 2023) ("In other words, Plaintiff cannot open a new civil case by filing a motion."); *Cassaday v. Dow Chem. Co.*, No. 1:25-MC-50020, 2025 WL 242477, at *1–2 (E.D. Mich. Jan. 17, 2025) (dismissing miscellaneous case because plaintiff filed only motions and not a complaint). Brown's "motion," therefore, will be denied, his application to proceed without prepaying will be denied as moot, and the above-captioned miscellaneous case will be closed.

This Court also notes that it is unclear whether Brown meant to file this motion in federal court, or whether he meant to file this motion in the state court case he references. That is because the motion's caption is addressed to the Wayne County Circuit Court and includes the state-court case number (No. 20-002931-01-FH) and state court judge (The Honorable Kelly A. Ramsey). *See* ECF No. 1 at PageID.1. Regardless, to the extent that Brown wishes to assert civil claims in federal court, he must file a complaint in a civil case—not a miscellaneous case.[1] He must then either

---

[1] Brown's case should not have been filed as a miscellaneous case. Miscellaneous matters include, but are not limited to: (1) matters sealed in the early stages of criminal proceedings; (3) registrations of judgment from other districts; (3) actions to enforce administrative subpoenas and summons; (4) proceedings ancillary to an action pending in another district, e.g., deposition subpoenas; (5) supplementary proceedings brought in aid of execution; (6) applications for writs of habeas corpus

pay the civil case filing fee ($405.00) or again apply to proceed without prepaying. Only then may this Court consider the merits of his claims.

Accordingly, it is **ORDERED** that Plaintiff's Motion, ECF No. 1, is **DENIED** for failure to comply with Civil Rule 3. Further, Plaintiff's Application to Proceed Without Prepaying Costs or Fees, ECF No. 2, is **DENIED AS MOOT**. Further, the above-captioned miscellaneous case is **CLOSED**.

**This is a final order and closes the above-captioned case**.


/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 19, 2025

---

ad testificandum or ad prosequendum; (7) appointments of counsel under the Criminal Justice Act; (8) disciplinary proceedings for attorneys; and (9) incoming letters rogatory. *See* Comment to E.D. Mich. LR 83.11. Brown's case includes none of these, so it should have been filed as a civil action.